IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-0956-CV-W-HFS |
| | ) | |
| ARGENT MORTGAGE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is the motion of defendant, Argent Mortgage Company, LLC, to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(6) (doc. 5). Also, before the court is plaintiff's motions for an injunction (doc. 7); for an order to file for mortgage fraud (doc. 8); for an order to hear the case (doc. 12); for an order to present Case No. 05-CV-07097 (doc. 13); for an order to deny defendant's motion to dismiss because of inculpatory evidence (doc. 17); and for a stay of the proceedings to conduct discovery (doc. 21).

**Background**

Pro se plaintiff, a resident of Missouri, has filed a complaint entitled "Petition for Wrongfully Giving a Client a Loan." Plaintiff states that his wife, now deceased, was granted a loan by defendant even though it knew plaintiff's wife could not repay the loan. (Petition: ¶ 1). Plaintiff further states that upon the death of his wife he had to assume the loan payments, even though her estate was not available to him. (Id: ¶¶ 2-3). Plaintiff also states that he had a prior case (No. 05-

439)[1] before this court which he intends to re-file once he is able to pay the filing fee. (Id: ¶ 4). Plaintiff seeks punitive damages, payment of the mortgage in full, and reimbursement of all payments made from April12, 2005, to the present. (Id: ¶ 5).

Attached to the complaint is a copy of an Adjustable Rate Note dated November 4, 2004, noting an interest rate of 8.375% and initial monthly payment of $955.95, with the caveat that the interest rate might change on December 1, 2006. Also dated November 4, 2004, is a copy of correspondence advising Sandra Smith that her loan was assigned to Ameriquest Mortgage Company.

**Discussion**

Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where a plaintiff's complaint fails to state a claim upon which relief can be granted. Young v. Wells Fargo & Co., 2009 WL 3450988 *6 (S.D.Iowa). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

---

[1] In this prior case, pro se plaintiff filed a complaint pursuant to 42 U.S.C. 1983 alleging that, among other things, he was not permitted to attend his wife's funeral resulting in mental anguish, and that he was falsely accused of rape, sodomy and assault (Case No. 05-439, doc. 1). By order dated June 7, 2005, various defendants were severed and dismissed from the action and plaintiff was directed to file a superceding amended complaint specifically setting forth the specific actions taken by each individual defendant, how the actions violated his federally protected rights, and any injuries sustained due to the violations; plaintiff was given another opportunity to comply by order dated July 27, 2005. ( docs. 8 and 12).
   On August 31, 2005 (doc. 13), the complaint was dismissed pursuant to Federal Rules of Civil Procedure 41(b). Almost two years later, plaintiff began to repeatedly seek leave to re-open the case (docs. 14, 17, 19, and 21); each motion was denied (docs. 16, 18, 20). Finally, by order dated March 18, 2008, plaintiff was directed to file no further motions to re-open the case or any other pleading which was not a notice of appeal or a request for leave to appeal in forma pauperis (doc. 22).

" a short and plain statement of the claim showing that the pleader is entitled to relief;" citing, Federal Rule of Civil Procedure 8(a)(2). The court must accept as true all of the factual allegations contained in the complaint, and all reasonable inferences from the complaint must be drawn in favor of the plaintiff. Id; citing, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Id; citing, Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009). A reviewing court may consider other, more likely explanations for the acts described in the complaint when determining whether the pleaded factual allegations give rise to a plausible entitlement to relief. Id. When deciding a motion to dismiss the court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." Sain v. Geske, 2008 WL 2811166 *5 (D. Minn.); quoting, PureChoice, Inc. v. Macke, 2007 WL 2023568 * 5 (D. Minn.).[2]

Although it is not clear from the complaint under which circumstances plaintiff claims that defendant knew his wife did not have the financial wherewithal to execute a loan agreement drafted by defendant, the court has a duty to liberally construe the pleadings of a pro se litigant. Gerstner v. Sebig, LLC, 2009 WL 4728992 * 2 (W.D.Mo.); Wright v City of Las Vegas, Nevada, 395 F.Supp.2d 789, 793 (S.D.Iowa 2005); citing, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also, Reed v. Central Transport, Inc., 2006 WL 3803674 * 3 (E.D.Mo.) (Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney). Nevertheless, the pleadings must not be conclusory and must state specific facts which, when taken

---

[2]A motion to dismiss can be converted to a Rule 56 Motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Moore v. Cross, 2007 WL 835417 * 2 (D.Minn.). However, a court may consider some information, which is not contained within the complaint - such as materials that are part of the public record and materials that are necessarily embraced by the pleadings - without transforming the motion into one for summary judgment. Id.

as true, state a claim as a matter of law. Reed, at * 3.

With this in mind, plaintiff was directed to show why dismissal should not be granted. (Order dated December 31, 2009). In response, plaintiff filed a motion stating that his claim had merit and repeated that mortgage fraud occurred. (Doc. 12). On January 10, 2010, plaintiff filed a motion to present Case No. 05-7097, a multi-district case against Ameriquest pending in the United States District Court for the Northern District of Illinois. (Doc. 13). Plaintiff attached exhibits indicating his desire to op-out of the class action.(Exh. 13-1). According to plaintiff, the class action proves that Argent is guilty of fraud. (Doc. 17).[3] Although provided additional opportunity to set forth his claims in a manner showing he is entitled to relief, plaintiff fails to describe what defendants allegedly did or failed to do in violation of his rights under federal law or the Constitution. Lee v. Kansas City Missouri School District, 2008 WL 539276 * 3 (W.D.Mo.). Plaintiff also fails to show he has suffered an actual injury for which defendant could be held legally responsible. Id. Here, the allegations alleged by plaintiff in his pleadings are vague and unintelligible complaints difficult to decipher. Id.

Moreover, pursuant to Federal Rule of Civil Procedure 9(b),claims of fraud must be pled with particularity. Settle v Southwest Bank, 2010 WL 2041366 *3 (E.D.Mo.). A party must state with particularity the circumstances constituting fraud including such matters as the time, place and contents of the false representations as well as the identity of the person making the misrepresentation and what was obtained or given up. Id. Plaintiff's conclusory allegations that defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. Id.

---

[3]Contrary to plaintiff's contention, the notice of settlement does not support his claim of fraud. In fact, the notice clearly states that it "is not intended to be, and should not be construed, as an expression of any opinion by the Court about the merits of the claims or defenses of any party to the Action." (Doc. 13-1, pg. 2).

The principal deficiency of the pleading is that plaintiff alleges he "had" to pay off his wife's loan. This could occur if he was persuaded to be a co-maker of the note, a guarantor of the note, or gave written consent to the mortgaging of property in which he had an interest, as security for payment of her loan. Any of these actions would be a ratification by him of a loan which he now seeks to allege should not have been made, because the borrower could not repay it.

Assuming plaintiff did consent to the mortgaging of his property, and thereby was "forced" to keep up payments in order to save his property, it is conceivable (although not alleged) that he is damaged because of fraudulent provisions, such as concealment of exposure to future interest rate increases.

Authorizing plaintiff to prepare a meaningful and plausible complaint about the interest rate situation might be appropriate if, given other papers filed by plaintiff, there is a distinct likelihood that plaintiff will be able to get his claim together as suggested. The pleadings do not suggest any reasonable hope of such corrective action. Therefore, a dismissal without prejudice is appropriate, and plaintiff's request for a stay of the proceedings to conduct discovery is moot. Canzoneri v. Bush, 2008 WL 2373810 * 1 (E.D.Mo.).

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss (ECF doc. 5) is GRANTED. This case is DISMISSED without prejudice. It is further

ORDERED that plaintiff's motions to file an injunction (ECF doc. 7); to file for mortgage fraud (ECF doc. 8); to hear the case (ECF doc. 12); to present case no. 05-7097 (ECF doc. 13); to deny the motion to dismiss (ECF doc. 17); and for a stay (ECF doc. 21) are DENIED as moot. It is further

ORDERED that the clerk of the court mail a copy of this order by regular mail and certified

mail, return receipt to plaintiff at:

    7240 Norton

    Kansas City, Mo. 64132-3928

                                  /s/ Howard F. Sachs
                                  HOWARD F. SACHS
                                  UNITED STATES DISTRICT JUDGE

June  7 , 2010

Kansas City, Missouri